# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: _____

Brief description of cause: _____

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

RENARD MONTEZ AUSTIN,
and URSULA COOK,

    Plaintiff,

v.

OFFICER MICHAEL MOSLEY in his
Individual and Representative Capacity,
the CITY OF DETROIT, a Municipal
entity, and DETROIT POLICE
DEPARTMENT, a Municipal entity,

    Defendants.

Case No. 20-
Hon.

ISSA FAWAZ (P83664)
Counsel for Plaintiff
835 Mason St. B270
Detroit, MI 48224
(313) 304-6344
if@issafawazlaw.com

**COMPLAINT & JURY DEMAND**

There are no other pending civil actions arising out
of the transactions or occurrences alleged in this Complaint.

/s/    *Issa Fawaz*
ISSA FAWAZ (P83664)

NOW COMES Plaintiffs, Renard Montez Austin ("Austin") and Ursula Cook, ("Cook" and Collectively with Austin, "Plaintiffs") by and through their counsel, ISSA FAWAZ LAW, PLC. and for their Complaint against the defendant's states as follows:

1. At all times relevant to this lawsuit, Plaintiffs, Austin and Cook are both residents of Detroit, in Wayne County, Michigan.

1

2. At all times relevant to this lawsuit, Defendant Officer Michael Mosley ("Mosley") was employed as a police officer with the Detroit Police Department.

3. At all times relevant to this lawsuit, Mosley acted under color of state law and is being sued in his individual and representative capacities.

4. At all times relevant to this lawsuit, Defendant City of Detroit ("The City") was a municipal corporation, duly organized in carrying on governmental functions in the City of Detroit, in Wayne County, Michigan.

5. The amount in controversy exceeds $75, 000.00 exclusive of costs, interest and attorney fees; and jurisdiction is otherwise conferred on this Court pursuant to the United States Constitution as well as 42 U.S.C. §1983.

## COMMON ALLEGATIONS

6. At all times relevant to this lawsuit, Mosley was a member of the now-defunct narcotics unit in the police department for the City of Detroit.

7. On October 3, 2018, an affidavit in support of a search warrant was falsified and sworn to by Officer Mosley before a 36th District Court magistrate in the City of Detroit.

8. As a result of Mosley's swearing to the false affidavit, a search warrant was issued by the magistrate for the search of *12130 Prairie* in Detroit, the home of Cook.

9. In the false affidavit, Mosley alleged that he had received information from a confidential informant (CI) on September 24, 2018 that a large quantity of cocaine and heroin was being stored at and sold from 12130 Prairie. That allegation was false.

10. In the false affidavit, Mosley further alleged that he had set up surveillance 12130 Prairie on September 24th, 2018, and personally observed a black male, described as

being in his "50-55, 5'8-5'10 180 lbs.," and a black female, described as "50-55yrs, 5'4-56 150lbs," engaging in a "suspected narcotics transaction" with buyers. That allegation was also false.

11. The affidavit went on to state that based on his 18 1/2 years of experience as a police officer and 8 years in the Narcotics Unit, Mosley believed that there was probable cause that heroin and the individual suspected of making the narcotics transaction would be found on the premises.

12. On October 3rd, 2018, the Narcotics team entered 12130 Prairie without a search warrant or exigent circumstances. The search warrant based on Mosley's false affidavit was drawn up in the House and executed via phone. During the execution of the warrant, Mosley falsely claims to have found heroin and he also claims that there was a plastic bag in the pipes.

13. Plaintiffs were both at 12130 Prairie when the search warrant was executed. They were each individually taken into rooms and interrogated. Later, Officer Mosley said to Plaintiffs "if you pay $10,000, this will all go away."

14. Plaintiffs were arrested both Austin and Cook were charged with (a) the delivery/manufacture of a controlled substance (50 to 499 grams); (b) possession of a controlled substance (50 to 499 grams); and Cook was also charged with (c) felony firearm.

15. The false claims made and sworn to by Mosley in the search warrant affidavit led directly to the issuance of the search warrant, the raid at 12130 Prairie, the seizure of the plastic bag and to the arrest and prosecution of Austin, where he was to spend 1 year in prison and 5 years on probation. Cook, instead of taking a plea deal went to trial, the matter was adjudicated via bench trial and Cook was found not guilty. Austin was later able to win his appeal and had his plea and sentence vacated and reversed.

16. As a direct result of Mosley false affidavit, Cook and Austin were arrested in October of 2018 and held in Wayne County Jail over the weekend, then let out on bond.

17. Austin took a plea deal due to the pressure of facing up to 20 years and extensive amount of time he was facing, where he was to spend 1 year in prison and 5 years on probation once released.

18. A bench trial was conducted before the Honorable Denise Qiana Lillard on February 20, 2019.

19. On February 20, 2019, a decision was made by the Honorable Denise Qiana Lillard and a Motion for A Directed Verdict of Not Guilty was entered and the case was dismissed, ordered signed and filed.

20. In the interim, it was revealed that Officer Mosley was indicted by the Federal Government for taking cash bribes from a drug trafficker. On or about February 13, 2020, Officer Mosley pleaded guilty to the charges. In addition, Prosecutor Kym Worthy released a list of officers (which includes Officer Mosley), as not worthy of any credibility in light of their misconduct while in office.

21. Austin's Attorney, Suzanna Kostovski, reached out to APA John Casey on Thursday, July 23, 2020, requesting his office to agree to have Mr. Austin's plea and sentence vacated in light of Officer Mosley's conviction. APA Casey advised that Mr. Austin's case is under review by his office and a decision would be made shortly. APA Casey also indicated that another DPD officer who was part of the search warrant execution team is also under investigation for similar improper behavior as Officer Mosley and will be disciplined by the department.

22. The authority for allowing Austin to withdraw his plea when the request is made after sentencing is found at MCR 6.310 (C)(1), which states in pertinent part that "a plea may be withdrawn on defendant's motion or with the defendant's consent only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea."

23. In this case, Austin's plea and sentence was vacated since it was based on a prosecution that was tainted and corrupt in light of Officer Mosley and possibly other officers involved in the case. Prior to the plea, trial counsel for co-defendant Cook had filed a motion to suppress the search warrant, based on the statements that were made by DPD office Michael Mosley. After the hearing, the court denied the motion to suppress, finding there was sufficient probable cause to the issue of the search warrant.

24. At the Cook's suppression motion, the entirety of the court's finding of probable cause was

based on the averments made by Officer Mosley in his affidavit in support of the warrant.

25. In light of Officer Mosley's indictment and guilty plea, this entire prosecution is tainted and a violation of Plaintiffs due process rights under the U.S. and Michigan constitutions. As such, the court granted the motion and vacated Mr. Austin's plea and sentence.

26. The Conviction Integrity Unit (CIU), a division of the Wayne County Prosecutor's Office, became involved in Plaintiff's case as a result of an internal investigation by the Detroit Police Department (DPD) as well as a federal investigation into the department's Narcotics Unit concerning allegations that multiple Detroit police narcotics officers, including Mosley, had participated in falsifying warrant affidavits, falsely accusing citizens of drug crimes and stealing case, guns and narcotics found during search warrant executions.

27. On information and belief, at the time of Cook's trial in 2019 and Austin's sentence in 2020, the City was aware of the existence of the federal investigation and that the DPD had begun its own investigation of the Narcotics Unit.

28. As a result of the DPD's investigation, the Narcotic Unit, which included Mosley, was disbanded by Detroit Police Chief James Craig in the summer of 2014.

29. In 2019, because of the numerous allegations of misconduct against multiple officers in the Narcotics Unit, Austin's conviction was reviewed by the CIU.

30. What was found by the CIU's investigation will be obtained through the discovery phase in Litigation. But through information and belief in previous cases the CIU's investigation found that the records of the DPD and/or the Narcotics Unit contained no complaints of criminal activity at the Address they were investigating. Nor was there any records of the tip allegedly provided by the CI to the officers in question.

31. Because of Mosley and/or the City's negligent, grossly negligent and/or intentional misconduct, Plaintiffs were both unlawfully arrested, imprisoned, maliciously prosecuted and deprived of due process, for a crime that Mosley and/or the City knew Plaintiffs did not commit.

## COUNT I: FEDERAL CLAIM
## MUNICIPAL LIABILITY
## CITY OF DETROIT & DETROIT POLICE DEPARTMENT

32. Plaintiff reasserts and incorporates each of the allegations stated above.

33. At all times relevant to this lawsuit, Plaintiff's had a right under the due process clause of the state and federal constitutions not to be deprived of his life, liberty, or property.

34. Mosley's acts of falsifying the affidavit in support of the operative search warrant and executing the search warrant that he accordingly knew lacked the requisite probable cause amounts to withholding exculpatory evidence and violated Plaintiff's fundamental constitutional rights under the 4th, 8th and 14th Amendments.

35. At all times relevant to this lawsuit, the City and Detroit Police Department did have a custom or practice of corruption and misconduct within the narcotics' unit that gave rise to routinely falsifying affidavits to support search warrants, falsely accusing citizens of possessing and/or selling drugs, as well as unlawfully stealing and/or seizing property obtained from searches.

36. Those customs and practices of the City's narcotics unit were so pervasive that the narcotics unit was ultimately disbanded by the Detroit Police Department's own police chief.

37. At all times relevant to this lawsuit, the City did have a custom or practice within its narcotics' unit of failing to adequately train and/or supervise its officers.

38. These failures to adequately train and/or supervise were evident by the years and years of officer corruption and misconduct that went unnoticed and undisciplined.

39. The City and The Police Department, by facilitating a custom and/or practice of corruption and misconduct as well as failing to adequately train and/or supervise acted as the "moving force" behind the deprivation of Plaintiff's constitutional rights.

40. There is a direct causal link between the customs and/or practices and the injuries that Plaintiff's has suffered.

41. As a direct and proximate result of the City's and Police Department's customs and/or practices and Mosley's misconduct specifically, Plaintiffs have suffered damages and will continue to suffer damages in the future, including but not limited to the following:

   a.  Physical pain and suffering;
   b.  Mental anguish;
   c.  Fright and shock;
   d.  Denial of social pleasure and enjoyments;

  e. Embarrassment, humiliation or mortification;

  f. Lost wages and/or earning capacity;

  g. The legal expense that Plaintiff's incurred to defend against wrongfully prosecuted criminal charges; and

  h. All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

### COUNT II: FEDERAL CLAIMS
### FALSE ARREST & FALSE IMPRISONMENT
### MICHAEL MOSLEY

42. Plaintiff reasserts and incorporates each of the allegations stated above.

43. Pursuant to 42 U.S.C. § 1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, individuals are protected from detention without legal process.

44. Plaintiffs were falsely arrested and falsely imprisoned by Mosley.

45. Mosley intentionally and deliberately, or with a reckless disregard for the truth, made false statements, material misrepresentations and/or omissions in the search warrant and affidavit to establish probable cause for Plaintiffs arrest and imprisonment.

46. The magistrate would not have found probable cause for the search warrant without Mosley's false statements, material misrepresentations and/or omissions.

47. The protection from detention without legal process is a clearly established constitutional right of which a reasonable person and/or officer would have known,

48. Hence, Mosley's actions are objectively unreasonable considering this clearly established constitutional right.

49. As a direct and proximate result of Mosley's misconduct, Plaintiffs have suffered damages, and will continue to suffer damages in the future, including, but not limited to:

   a. Physical pain and suffering;

   b. Mental anguish;

   c. Fright and shock;

   d. Denial of social pleasure and enjoyments;

   e. Embarrassment, humiliation or mortification;

   f. Lost wages and/or earning capacity;

   g. The legal expense incurred by Plaintiff's to defend against the frivolous criminal charges prosecuted against him; and

   h. All other damages learned through the course of discovery and up to the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75, 000.00 and exclusive of costs, interest, and attorney fees.

## COUNT III: FEDERAL CLAIM
## MALICIOUS PROSECUTION
## MICHAEL MOSLEY & THE DETROIT POLICE DEPARTMENT

50. Plaintiff reasserts and incorporates each of the allegations stated above.

51. Pursuant to 42 U.S.C. § 1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, individuals are protected from criminal prosecution without probable cause.

52. A criminal prosecution was initiated by Mosley against Plaintiffs.

53. Mosley influenced and/or participated in the prosecution against Plaintiffs when he intentionally and deliberately, or with a reckless disregard for the truth, made false statements, material misrepresentations and/or omissions in the search warrant and affidavit.

54. Plaintiffs false statements were material in establishing probable cause to prosecute Plaintiffs.

55. Austin suffered a deprivation of liberty as a consequence of the legal proceeding because he was imprisoned for 6 months and was to serve 1 year in Wayne County Jail and 5 Year's Probation when released.

56. Cook suffered a deprivation of liberty as a consequence of the legal proceeding because she was forced to hire a Criminal Attorney at her own expense and face the possibility of serving 20 years in prison during the prosecution that lasted two years. The two years of facing 20 years for something fabricated by Mosley's false affidavits caused great mental anguish and financial instability.

57. The criminal proceedings against Austin were ultimately resolved in his favor when his plea and sentence was vacated.

58. The criminal proceedings against Cook were ultimately resolved in her favor when she successfully defended herself at trial.

59. The protection from criminal prosecution without probable cause is a clearly established constitutional right of which a reasonable person would have known.

60. Mosley's actions were objectively unreasonable considering this clearly established constitutional right.

61. As a direct and proximate result of Mosley's misconduct, Plaintiffs have suffered, and will continue to suffer damages in the future, including, but not limited to:

   a. Physical pain and suffering;

    b.       Mental anguish;

    c.       Fright and shock;

    d.       Denial of social pleasure and enjoyments;

    e.       Embarrassment, humiliation or mortification;

    f.       Lost wages and/or earning capacity;

    g.       The legal expense that Plaintiffs incurred to defend against wrongfully prosecuted criminal charges; and

    h.       All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75, 000.00 and exclusive of costs, interest, and attorney fees.

### COUNT IV: FEDERAL CLAIMS
### DENIAL OF DUE PROCESS
### MICHAEL MOSLEY

62.   Plaintiffs reasserts and incorporates each of the allegations stated above.

63.   Plaintiffs had a right under the due process clause in the federal constitution, as well as the due process clause in Michigan's constitution, not to be deprived of his life, liberty, or property.

64.   At all times relevant to this lawsuit, Mosley was a state actor and his conduct was subject to 42 U.S.C. §§ 1983, 1985, and 1988.

65.   The search warrant and affidavit that Mosley falsified and/or his failure to disclose that he falsified the search warrant and affidavit violated Plaintiffs right to due process.

13

66. Mosley willfully or inadvertently falsified the search warrant and affidavit and/or failed to disclose that he falsified the search warrant and affidavit.

67. Probable cause could not have been established without Mosley's falsified statements in the search warrant and affidavit and/or without his failure to disclose that he falsified statements in the search warrant and affidavit.

68. As a result of Mosley's falsified statements in the search warrant and affidavit and/or Mosley's failure to disclose that he falsified statements in the search warrant and affidavit Plaintiffs were prejudiced.

69. Mosley's knowledge that the statements he provided to establish probable cause for the search warrant and affidavit were false was exculpatory.

70. Despite having this exculpatory evidence, Mosley never produced this evidence to the prosecution or defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

71. The right to due process is a clearly established constitutional right of which a reasonable person would have known.

72. Mosley's actions were objectively unreasonable considering this clearly established constitutional right.

73. As a direct and proximate result of Mosley's misconduct, Plaintiffs have suffered damages and will continue to suffer damages in the future, including, but not limited to:

   a. Physical pain and suffering;

   b. Mental anguish;

   c. Fright and shock;

   d. Denial of social pleasure and enjoyments;

   e. Embarrassment, humiliation or mortification;

  f. Lost wages and/or earning capacity;

  g. The legal expense that Plaintiffs incurred to defend against wrongfully prosecuted criminal charges; and

  h. All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

            Respectfully submitted,

            **ISSA FAWAZ LAW, PLC.**

          By: */s/ Issa Fawaz*
             ISSA FAWAZ (P83664)
             Counsel for Plaintiff
             835 Mason Rd. B270
             Detroit, MI  48224
             (313) 304.6344

Dated: October 29, 2020

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

RENARD MONTEZ AUSTIN,
URSULA COOK

    Plaintiff,

v.

OFFICER MICHAEL MOSLEY in his
Individual and Representative Capacity,
the CITY OF DETROIT, a Municipal
entity, and DETROIT POLICE
DEPARTMENT, a Municipal entity

    Defendants.

Case No. 20-
Hon.

---

ISSA FAWAZ (P83664)
Counsel for Plaintiff
835 Mason St. B270
Detroit, MI  48224
(313) 304-6344
if@issafawazlaw.com

---

## **JURY DEMAND**

    NOW COMES Plaintiffs, RENARD MONTEZ AUSTIN and URSULA COOK, through his counsel, ISSA FAWAZ LAW, PLC. to respectfully demand a trial by jury.

        Respectfully submitted,

        **ISSA FAWAZ LAW, PLC.**

    By:  */s/ Issa Fawaz*
        ISSA FAWAZ (P83664)
        Counsel for Plaintiff
        835 Mason St. B270
        Detroit, MI  48224
        (313) 304.6344

Dated: October 29, 2020